**THE DEPARTMENT OF PUBLIC SAFETY, a Department of The Florida State Government, v. J. C. B. KOONCE, as Judge of the Circuit Court of the Fifth Judicial Circuit of the State of Florida, in and for Lake County, Florida.**

5 So. (2nd) 251                                    Division A
December 12, 1941          Rehearing Denied January 8, 1942

Hugh L. McArthur, J. Tom Watson, Attorney General, E. Albert Pallot, Assistant Attorney General, for petitioner.

C. Rogers Wells, for respondent.

Don Oliver, in proper person for intervening respondent.

PER CURIAM:

On July 1, 1941, we entered our order herein wherein we ordered:

"For the reasons stated, the motion to quash is denied and the respondent is allowed Fifteen (15) days from this date to further plead, if he should be so advised. Otherwise, prohibition absolute will be awarded."

On August 1, 1941 we entered an order as follows:

"Upon consideration of the petition of Don Oliver, in his own proper person, for leave to intervene in the above entitled cause, it is ordered that said petition

be and the same is hereby granted and leave is granted to said intervenor to file return to the rule nisi heretofore issued in this cause."

The return of Don Oliver shows:

"Respondent, Don Oliver, further alleges that the matters set out in Exhibit 'C' of the petition are wholly untrue and are but consummate, unmitigated distortions of the truth as would appear by comparing same with the testimony of the affiant therein, with his testimony appearing in the bill of exceptions in the appeal of said Don Oliver as aforesaid.

"Respondent Don Oliver further says that he has superseded the judgment of conviction and sentence as aforesaid by filing a bond sufficient in law to render inoperative the execution of said sentence.

"Respondent, Don Oliver, would further say that on account of the appeal and supersedeas from said purported conviction as aforesaid there has been no *final conviction* of the said Don Oliver, which would permit the said petitioner to invoke the mandatory provisions of the law, as set out in said petition and Respondent Don Oliver has the right to be heard and Respondent J. C. B. Koonce has the right to hear and proceed in the cause in the Circuit Court under the provisions of Sub-Section 4151 of the Permanent Supplement of the Compiled General Laws of the State of Florida of 1940."

The return, which stands unchallenged, is sufficient to show that the conviction of Don Oliver had not become absolute at the time his driver's license was revoked but had been superseded in appellate proceedings. Therefore, the revocation was not mandatory under the provisions of the Statute. See our opinion herein filed on July 1, 1941.

4

The revocation not being mandatory, the Circuit Court is vested with jurisdiction to review the order of revocation.   See our opinion, supra.

Therefore, the rule nisi heretofore issued is quashed and the cause dismissed.

So ordered.

BROWN, C. J., WHITFIELD, BUFORD and ADAMS, JJ., concur.